# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-00387-DCK

| | |
|---|---|
| DAVID E. RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion for Summary Judgment" (Document No. 7) and "Memorandum in Support of Plaintiff's Motion for Summary Judgment" (Document No. 7), filed January 4, 2008; and the Defendant's "Motion for Summary Judgment" (Document No. 8) and "Memorandum in Support of the Commissioner's Decision" (Document No. 9) filed February 29, 2008. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff's Social Security disability benefits is supported by substantial evidence. Accordingly, the undersigned will **DENY** Plaintiff's Motion for Summary Judgment, **GRANT** the Commissioner's Motion for Summary Judgment, and **AFFIRM** the Commissioner's decision.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability, Social Security disability insurance benefits and Supplemental Security Income on January 23, 2004 and January 22, 2004, respectively,

alleging that he became disabled on November 1, 2002 as a result of problems with Crohn's disease. (Tr.45-47, 73, 237-38). Plaintiff's claim was denied initially and on reconsideration. (Tr. 25-36). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 26, 2006. (Tr. 37, 245-88). On December 19, 2006, the ALJ issued an opinion denying Plaintiff's claim. (Tr. 9-18).

Subsequently, Plaintiff filed a Request for Review of the Hearing Decision. On July 27, 2007, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 5-7); 20 C.F.R. §§ 404.955, 404.981, 416.1455, 416.1481.

Plaintiff filed this action on September 13, 2007, and the parties' cross-motions for summary judgment are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of final decisions of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The Fourth Circuit defined "substantial evidence" as:

> being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Peales, 402 U.S. at 401.

2

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (concluding that "it is not within the province of a reviewing court to determine the weight of the evidence"); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) (stating that "this court does not find facts or try the case *de novo* when reviewing disability determinations"); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) (noting that "it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion"). Therefore, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982), quoting Hayes v. Gardner, 376 F.2d 517, 520 (4th Cir. 1967); see also 42 U.S.C. § 405(g) (2008).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1] The ALJ must follow a five step sequential evaluation process when making disability determinations. 20 C.F.R. §§ 404.1520(a)(4),

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

416.920(a)(4) (2006); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The first step is determining whether the claimant is performing any gainful activity. In the instant case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of his disability. (Tr. 14).[2] Next, the ALJ must determine whether the claimant's medical condition is severe. Here, the ALJ ascertained that Plaintiff suffered from Crohn's disease and degenerative lumbar disease, which were severe impairments within the meaning of the regulations. Id.[3] Third, the ALJ must consider whether the claimant's impairment or combination of impairments meet or equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. 20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), 416.925 (2006). In the instant case, the ALJ established that Plaintiff's impairments were not severe enough to prevent Plaintiff from doing any gainful activity, and therefore, he did not meet or equal any listing. Id.; (Tr. 15). Fourth, the ALJ must determine whether the claimant can perform his past relevant work. The ALJ in the instant case determined that Plaintiff could not return to his past relevant work. (Tr. 15). Finally, the ALJ must ascertain whether the claimant, given his age, education, and past work experience, can perform any other work which exists in substantial numbers in the national economy. Here, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; that he could sit for most of the work day; and that he could stand and

---

[2] Substantial gainful activity is defined as work involving significant physical or mental activities which is done for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b).

[3] A severe impairment is an impairment or combination of impairments that significantly limit one's ability to perform both physical and mental basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).

walk for up to two-thirds of an eight-hour work day. (Tr. 15). [4] Through the testimony of the vocational expert ("VE"), the ALJ determined that Plaintiff's RFC would allow him to perform certain alternative jobs in the national economy. (Tr. 17-18). Therefore, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act at any time relevant to his decision. Id.

The two main issues before this Court, raised by Plaintiff, are the assessment of the ALJ's analysis of the credibility of Plaintiff and the substantial evidence relied on to determine that there were a significant number of jobs in the national economy which Plaintiff could perform.

### A. The ALJ correctly assessed Plaintiff's credibility.

Plaintiff contends that the ALJ had no basis for finding that his testimony was not credible based on his number of bowel movements because Plaintiff consistently reported the same number of bowel movements on previous occasions. However, the ALJ determined that Plaintiff was credible when testifying about the number of bowel movements per day, but not credible only to the extent that Plaintiff alleged complete inability to work. The ALJ employed a credibility analysis, which allowed him to ascertain Plaintiff's credibility.

The process for determining credibility includes two steps. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996); 20 C.F.R. § 404.1529(b)-(c) (2006). The claimant must establish the existence of an impairment which could reasonably be expected to cause symptoms in the amount and degree alleged based on the objective medical evidence; then the intensity and persistence of the claimant's pain and the extent to which it affects his ability to work must be evaluated. Id. Notably, if a

---

[4] This RFC is generally classified as light work. See 20 C.F.R. §§ 404.1567(b), 416.967(b).

claimant's allegations are inconsistent with the available evidence, then his statements need not be fully credited. Mickles v. Shalala, 29 F.3d 918, 927 (4th Cir. 1994). Moreover, the ALJ's observations of claimant's credibility are given great weight and he is entitled to much deference. Skively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (determining that the ALJ is allowed deference when determining claimant's credibility and "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight"); see also Hays, 907 F.2d at 1456 (holding that it is the ALJ's responsibility to make credibility determination and to resolve conflicts in the evidence).

Here, the ALJ considered the objective medical evidence, Plaintiff's and his wife's statements about his symptoms, the effect of medications and other treatment, and his activities of daily living. Based on these foregoing considerations, the ALJ had ample evidence to determine that Plaintiff could perform a wide range of light work.

The ALJ found that Plaintiff was diagnosed with Crohn's disease around December 2002 (Tr. 121, 129, 142) and had three "flare ups," which were treated successfully with antibiotics and other medications. (Tr. 124-25, 127-28, 143, 189, 251-52). In between these "flare ups," medication alleviated many of the symptoms that Plaintiff experienced. (Tr. 121-23, 126); see Gross v. Heckler, 785 F.2d 1164, 1166 (4th Cir. 1986) (holding that symptoms that can be controlled by medication or treatment are not disabling). After the third "flare-up," Plaintiff underwent surgery for a small bowel resection in December 2003, which resulted in limiting his ability to lift heavy objects and returned his bowel movements to a regular rate and better than they were before the surgery. (Tr. 129, 151, 188, 204).

6

On January 30, 2004, notes from Carolina Digestive Health Associates indicated that Plaintiff had some fatigue and joint pain, which were improving, and experienced diarrhea three to four times per day. (Tr. 152). On July 26, 2004, doctor's notes from the same office showed that Plaintiff was well-developed and well-nourished, with no acute distress, and having four to eight bowel movements per day, mainly in the morning. (Tr. 150). On January 26, 2005, notes from Dr. Colvin of Carolina Digestive Health Associates indicated that Plaintiff was no longer in pain, averaging four bowel movements per day, and was doing well. (Tr. 209). On October 4, 2005, Dr. Colvin's notes showed that Plaintiff was experiencing diarrhea once per month and having two to three bowel movements per day. (Tr. 211).

Furthermore, Plaintiff participated in activities such as getting his child off to school, cooking, light housework, general repairs, mowing the lawn, driving, fishing, and occasionally throwing a baseball with his son. (Tr. 254-55, 271-74); see also Johnson v. Barnhart, 434 F.3d 650, 658 (holding that claimant's daily activities, such as cooking and doing laundry, were inconsistent with the claimant's complaints of disabling pain and alleged inability to work); Gross, 785 F.2d at 1166 (stating that the claimant's pattern of daily activity, which included cooking, washing dishes and generally taking care of the house, suggested that he was not disabled from working); Hatcher v. Secretary, Dep't of Health & Human Servs., 898 F.2d 21, 23 (determining that the evidence of claimant's daily activities supported ALJ's negative credibility finding despite claimant's claim that such activities were performed at a slower pace and with assistance from others).

The above considerations taken into account by the ALJ illustrate that, although Plaintiff did have multiple bowel movements during the day, Plaintiff responded well to treatment, which resulted in a reduction of his diarrhea. Notably, the ALJ only found Plaintiff to be not credible to the extent

7

that Plaintiff alleged the complete inability to work. The ALJ did not disbelieve Plaintiff regarding his multiple bowel movements per day and incorporated the need to take restroom break as needed into his hypothetical question to the VE. (Tr. 284).

Therefore, based on the totality of the evidence, the ALJ had adequate, substantial evidence supporting the decision that Plaintiff was not disabled.

**B.     Substantial evidence supports the ALJ's determination that there were a significant number of jobs in the national economy which Plaintiff could perform.**

Plaintiff contends that the ALJ posed an incomplete hypothetical question to the VE. Although the ALJ asked the VE to take into account a work environment with frequent restroom breaks as required by Crohn's disease, Plaintiff alleges that the ALJ did not ask the VE to take into account the debilitating effects a significant number of bowel movements could have on the ability to perform the work identified. Plaintiff also alleges that the job descriptions for the jobs the VE cited are outdated and therefore the VE's testimony does not provide substantial support for the ALJ's finding that there are other jobs available for Plaintiff in the national economy. However, because the hypothetical question included the limitations that were supported by the record and the job descriptions are applicable in today's society with supplemental information provided by the VE, Plaintiff's contentions are unavailing.

At the final step in the five-step sequential evaluation, the burden shifts to the Commissioner to establish that there are other jobs in the national economy that the claimant can perform. Hall, 658 F.2d at 264-65 (illustrating that the ALJ relied on testimony of a VE to assist in this determination). Here, the Plaintiff alleges that he had testified that the frequent bowel movements caused him to feel dehydrated and tired and that the ALJ erred by failing to include those limitations in the hypothetical

question. (Tr. 253-54). However, these limitations only arise when having "flare-ups," which were not daily occurrences. (Tr. 253-54, 270, 275). Moreover, Plaintiff drank extra water in order to combat the dehydration and testified that his condition had improved with surgery and medication, which allowed him to no longer feel pain, but rather discomfort. (Tr. 263-65, 270-71). Furthermore, the ALJ asked the VE to include in the consideration an individual who suffered from a level of discomfort such that they would be precluded from sustaining the level of concentration needed for skilled work and who would need to be able to take restroom breaks as needed. (Tr. 284). Therefore, the hypothetical question presented to the VE was proper because it reasonably included the limitations that were stated in the record and accurately reflected the limitations of Plaintiff. See Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) (stating that the ALJ's hypothetical was sufficient because it "fairly set out all of [plaintiff's] impairment").

Based on the hypothetical question posed, the VE determined that Plaintiff could perform two light jobs, a photocopy machine operator and a night business cleaner, which existed in significant numbers in the national economy. (Tr. 285). However, Plaintiff argues that the VE's testimony does not provide substantial support for the ALJ's determination because the jobs of photocopy machine operator and night business cleaner were last updated in the Dictionary of Occupational Titles ("DOT") in 1977 and 1986, respectively. Nevertheless, there is nothing indicating that there has been any change in the job descriptions since those dates, such as re-classification of the external levels or skill levels of the jobs, and Plaintiff points to no such changes. Although Plaintiff contends that the job of photocopy machine operator no longer exists because it involves a mimeographing machine, the job description makes no mention of the use of a mimeographing machine and the VE's testimony constitutes substantial evidence that photocopy

9

machine operator jobs exist in significant numbers in the national economy. Taylor v. Weinberger, 512 F.2d 664, 667 (4th Cir. 1975).

Moreover, the DOT states that it is the starting point for the examination of vocational issues and this information can be supplemented by information obtained by the VE's testimony. 20 C.F.R. §§ 404.1566(d)-(e), 416.966 (d)-(e) (2006). The VE acts as a "gap-filler" through her thirty years of experience in the vocational field and occupational knowledge about the positions cited. Therefore, the ALJ properly relied on the VE's testimony in this case, which determined that Plaintiff could perform light work with jobs available in the national economy, and ultimately illustrated that the Commissioner met the burden of establishing step five of the sequential elements. See Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1908) (recognizing vocational experts as "persons who have, through training and experience in vocational counseling or placement, and up-to-date knowledge of job requirements, occupational characteristics and work conditions, and a familiarity with the personal attributes and skills necessary to function in various jobs").

Therefore, because the ALJ assessed Plaintiff's credibility through weighing several different factors, including Plaintiff's testimony, and the substantial evidence supports the ALJ's determination that there were a significant number of jobs in the national economy which Plaintiff could perform, the Commissioner's decision was correct and should be affirmed.

**IV. ORDER**

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. "Plaintiff's Motion for Summary Judgment" (Document No. 7) is **DENIED**; the Defendant's "Motion for Summary Judgment" (Document No. 8) is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: June 9, 2008

David C. Keesler
United States Magistrate Judge